R. William Potter
Peter D. Dickson
POTTER AND DICKSON
194 Nassau Street, Suite 31
Princeton, NJ 08542
Telephone: (609) 921-9555
Fax: (609) 921-2181
Email: rwppddlaw@cs.com
and potterrex@cs.com
Attorneys for Plaintiffs

## NOTICE OF APPEAL

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CASE NO. 3:14-cv-02686

BRRAM, Inc., a corporation organized under the laws of the Commonwealth of Pennsylvania, Ms. Holly Bussey, Mr. William Lynch, Mr. Richard DeLello, Ms. Julie Power, Mr. John Giacobetti and Mrs. Jennifer Giacobetti, Ms. Deborah Leamann, Ms. Caroline Bondi, Ms. Delores Brienza, and Mr. Richard Wayne,

Plaintiffs,

V.

United States Federal Aviation Administration (FAA),

Defendant.

**NOTICE IS HEREBY GIVEN** that Plaintiffs, BRRAM, Inc., Ms. Holly Bussey, Mr. William Lynch, Mr. Richard DeLello, Ms. Julie Power, Mr. John Giacobetti and Mrs. Jennifer Giacobetti, Ms.

Deborah Leamann, Ms. Caroline Bondi, Ms. Delores Brienza, and Mr. Richard Wayne, appeal to the United States Court of Appeals for the Third Circuit from the OPINION and ORDER granting Motion to Dismiss the Complaint in favor of the Defendant, Federal Aviation Administration, and denying the Plaintiffs, BRRAM, Inc., Ms. Holly Bussey, Mr. William Lynch, Mr. Richard DeLello, Ms. Julie Power, Mr. John Giacobetti and Mrs. Jennifer Giacobetti, Ms. Deborah Leamann, Ms. Caroline Bondi, Ms. Delores Brienza, and Mr. Richard Wayne, Motion to Amend the Complaint, signed by the Honorable Peter G. Sheridan on May 19, 2015 and entered on May 19, 2015.

(Copy of Order and of Opinion as transcribed, annexed hereto)

POTTER AND DICKSON
Attorneys for the Plaintiffs

By: ___R. William Potter___
R. William Potter
June 4, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2015, two true copies of the Notice of Appeal and Certificate of Service were forwarded to:

Honorable Peter G. Sheridan, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

and

The United States Federal Aviation Administration, by and through the Office of the United States Attorney, attention John Andrew Ruymann, 402 East State Street, Suite 430, Trenton, NJ 08608, Email: john.ruymann@usdoj.gov;

and to counsel for parties who were dismissed as defendants:

The Mercer County Board of Chosen Freeholders, represented by the attorney of record, Paul Richard Adezio, County of Mercer, 640 South Broad Street, Trenton, NJ 08650, Email: padezio@mercercounty.org;

and

Frontier Airlines, Inc., represented by the attorney of record, John Edmund Flaherty, McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102, Email: jflaherty@mccarter.com and also to Ravin P. Patel, at the same address, Email: rpatel@mccarter.com.

*R. William Potter*

R. WILLIAM POTTER
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | Civil Action No.: 14-cv-2686 (PGS) <br><br> ORDER |

THIS MATTER having been brought to the Court on (1) the Motion to Dismiss Plaintiffs Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 24) filed by Defendant, Federal Aviation Administration ("FAA"); and (2) the motion for leave to amend the complaint filed by Plaintiffs (ECF No. 35); and the Court having reviewed the papers submitted by the parties, and having heard the argument of the parties; and for the reasons set forth at the hearing on the record on May 18, 2015, and for good cause shown,

IT IS on this 18th day of May, 2015

ORDERED that the FAA's motion pursuant to Fed. R. Civ. P. 12(b)(1) is hereby GRANTED; and it is further

ORDERED that Plaintiffs Complaint is DISMISSED; and it is further

ORDERED that Plaintiff's motion to amend the Complaint is denied as moot. The clerk is directed to close the case.

_____
PETER G. SHERIDAN, U.S.D.J.

Case: 15-2393 Document: 003111985910 Page: 5 Date Filed: 06/09/2015
Case 3:14-cv-02886-PGS-DEA Document 57-2 Filed 06/04/15 Page 1 of 13 PageID: 538

1

```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
 2

 3
    _____
 4  BRRAM, INC., et al,
                   PLAINTIFFS
 5
        Vs.                                  CIVIL NO.
 6                                           14-2886 (PGS)

    UNITED STATES FEDERAL AVIATION
 7  ADMINISTRATION, et al,
                   DEFENDANTS
 8  _____

 9
                              MAY 18, 2015
10                            CLARKSON S. FISHER COURTHOUSE
                              402 EAST STATE STREET
11                            TRENTON, NEW JERSEY  08608

12

13

14  B E F O R E:    THE HONORABLE PETER G. SHERIDAN
                    U.S. DISTRICT COURT JUDGE
15                  DISTRICT OF NEW JERSEY

16

17

18

19
    COURT'S OPINION ON MOTION TO DISMISS
20

21

22
                              Certified as true and correct as required
23                            by Title 28, U.S.C. Section 753
                              /S/ Francis J. Gable
24                            FRANCIS J. GABLE, C.S.R., R.M.R.
                              OFFICIAL U.S. REPORTER
25                            (856) 889-4761
```

*United States District Court*
*Trenton, New Jersey*

Case: 15-2393 Document: 003111985910 Page: 6 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 2 of 13 PageID: 539

2

```
00:00

00:00

00:01

00:02

00:??
```

1    THE COURT: This is the BRRAM v. The Federal
2 Aviation Administration. This is a motion by the Federal
3 Aviation Administration to dismiss the complaint for lack of
4 jurisdiction and for failure to state a claim. The complaint
5 seeks injunctive relief to enjoin Frontier Airline Operations
6 at Trenton Mercer Airport until such time as an Environmental
7 Impact Statement is completed and implemented as required by
8 the National Environmental Policy Act (NEPA), 42 U.S.C.
9 Section 4332. BRRAM is a group of New Jersey and Pennsylvania
10 residents who live near the Trenton Airport. The FAA seeks to
11 dismiss under Rule 12(b)(1) because the Federal Airlines
12 Deregulation Act requires any person who is aggrieved by a
13 final action of the FAA "apply for review...in the Court of
14 Appeals of the United States for the Circuit in which the
15 person resides." 46 U.S.C. Section 46110. The FAA also seeks
16 to dismiss under Rule 12(b)(6) because the complaint was
17 untimely filed, as the petition for review must be filed
18 within 60 days after the order is issued, and allegedly the
19 plaintiffs did not comply with that provision. The statute
20 (49 U.S.C. Section 46110(a)) provides in pertinent part: "A
21 person disclosing a substantial interest in an order issued by
22 the secretary of transportation (or the...administrator of the
23 Federal Aviation Administration with respect to aviation
24 duties and powers designated to be carried out by the
25 administrator) in whole or in part under this part or part

Case: 15-2393 Document: 003111985910 Page: 7 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 3 of 13 PageID: 540

3

B...may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit, or in the Court of Appeals of the United States for the Circuit in which the person resides or has its principal place of business. The petition must be filed no later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day."

The plaintiffs counter that they seek to have an environmental assessment of the noise impacts of the Trenton Airport undertaken by the FAA prior to the commencement of more airline traffic. As such, the plaintiffs only contend they seek relief exclusively under the NEPA.

The NEPA requires that Environmental Impact Statements be prepared before undertaking "major federal actions significantly affecting the quality of human environment." 42 U.S.C. Section 4332(c). The FAA had not provided an Environmental Impact Statement under NEPA because the FAA determined that the Trenton Airport fit within the "categorical exclusion provisions of NEPA." In light of those contentions, the facts are presented below.

In 2006, BRRAM and Lower Makefield Township filed suit against the FAA in the Third Circuit. While the suit was pending in 2008, after 10 years of attempting to expand the Trenton Airport to accommodate a low fare/high frequency air

Case: 15-2393 Document: 003111985910 Page: 8 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 4 of 13 PageID: 541

4

```
00:07

00:08

00:08

00:09

00:10
```

1  carrier, Mercer County officials abandoned its expansion plan
2  and advised the FAA of same.  At that time, and in response,
3  the FAA "withdrew the Finding of No Significant Impact/Record
4  of Decision" (FONSI/ROD) that was originally filed on February
5  23, 2006.  Within the withdrawal, the regional administrator
6  noted that an environmental assessment was undertaken, and the
7  FAA issued a FONSI/ROD approving the airport's sponsor's
8  preferred alternative.  The administrator further noted that
9  such an assessment remains valid for three years, and three
10 years was nearing expiration.  As such, the Trenton Airport
11 "EA would need to be reevaluated at the very least to ensure
12 that the environmental analyses are accurate, valid, adequate
13 and current."  Under the signature of the administrator, the
14 administrator noted that the withdrawal was a final action or
15 decision.  It states:
16      "This decision is taken pursuant to 49 U.S.C. Section
17      40101, et seq. (Part A) and 49 U.S.C. Section 47101, et
18      seq. (Part B), and constitutes a final order of the
19      administrator which is subject to review by the Courts of
20      Appeals by the United States in accordance with the
21      provisions of 49 U.S.C. Section 46110."
22      The filing of this withdrawal also ended the lawsuit
23 that was pending in the Third Circuit, and terminated any
24 judicial proceedings on the expansion of the Trenton Airport.
25      From that date there were no other reportable events

Case: 15-2393  Document: 003111985910  Page: 9  Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA  Document 57-2  Filed 06/04/15  Page 9 of 13 PageID: 542

5

|      |                                                                          |
|------|--------------------------------------------------------------------------|
| 00:11 | 1  with regard to the parties until September 19, 2012.  On that         |
|      | 2  date Frontier, by way of a letter from Jim Colburn, notified          |
|      | 3  the FAA (Dale Snider) of its intent to utilize Trenton                |
|      | 4  Airport.  And Frontier sought an amendment "to add Trenton,           |
|      | 5  New Jersey to the Frontier Airlines operations specifications         |
|      | 6  CO70 airports as a regular (R) and alternative (A) airport."          |
|      | 7  The letter that Mr. Colburn of Frontier sent was brief.  First        |
|      | 8  it indicated that the subject matter as scheduled air bus             |
|      | 9  service from TTN (TTN being Trenton).  Then the body of the           |
| 00:12 | 10 letter indicates "that Frontier Airlines intends to begin             |
|      | 11 scheduled service from Trenton, New Jersey (TTN).  Service is         |
|      | 12 scheduled to begin on November 16, 2012 utilizing the airbus          |
|      | 13 A320 Series aircraft."  The letter only refers to two flights         |
|      | 14 per week, but below that Frontier Airlines requested to add           |
| 00:13 | 15 Trenton, New Jersey (TTN) to the Frontier Airlines operations         |
|      | 16 specifications, CO70 airports as a regular (R) and alternative        |
|      | 17 (A) airport.                                                          |
|      | 18        About a week later, on September 25, 2012, Dale                |
|      | 19 Snider, Principal Operations Inspector of FAA, approved               |
| 00:14 | 20 Frontier's operations specifications.  That approval was              |
|      | 21 printed on the letterhead of U.S. Department of                       |
|      | 22 Transportation, Federal Aviation Administration; and refers to        |
|      | 23 the operations specifications.  Below that reference there are       |
|      | 24 several paragraphs wherein it reads:  The certificate holder          |
| 00:15 | 25 (Frontier) applies for operations specifications to add               |

Case: 15-2393  Document: 003111985910  Page: 10  Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA  Document 57-2  Filed 06/04/15  Page 6 of 15 PageID: 543

6

Trenton as a regular and alternative airport, and these operations specifications are approved by direction of the administrator.

Within the FAA's submission there is a certification of Bruce A. Montigny, Manager of Flight Standard District Office of the FAA, who overseas Frontier's air carrier's certificate.  Mr. Montigny certified that Frontier's amendment to add Trenton is a final decision of the FAA.  Montigny states in paragraph 11 of his certification:

> "On September 25, 2012, after determining that Frontier could safely provide regular scheduled service at Trenton-Mercer County Airport, the FAA approved that amendment to Frontier's OpSpecs to include Trenton-Mercer County Airport.  Exhibit B to this declaration Frontier Airlines operations specifications C070 dated September 25, 2012 reflects this decision. Once Frontier's OpSpecs were approved to permit it to operate at Trenton-Mercer County Airport, Frontier required no further approval with respect to service at Trenton-Mercer County Airport.  Frontier is free to determine which other airports approved in its OpSpecs it will serve from Trenton-Mercer County Airport, as well as the number of flights it will provide.  These matters are business decisions made by the carrier without FAA involvement."

Case: 15-2393 Document: 003111985910 Page: 11 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 7 of 19 PageID: 544

7

```
00:20

00:21

00:22

00:23

00:23
```

1    My review of this request and approval of the
2    operations specifications of Frontier raises certain concerns,
3    which I note below.  First, there's nothing in the approval of
4    the FAA about the waiving of the environmental assessment on
5    the basis of a categorical exclusion; second, the approval
6    does not note that it is a final decision of the FAA, although
7    it does acknowledge that approval was by the administrator of
8    the FAA; third, it is uncertain whether Dale Snider, who was
9    an inspector, has the authority over environmental matters so
10   as to conclude that an environmental assessment may be
11   categorically excluded.  And lastly, it remains unclear
12   whether the approval of the OpSpecs was communicated publicly,
13   i.e., to others beyond Frontier.
14        Sometime thereafter, on April 24, 2013, Mr. Potter,
15   attorney for the plaintiffs, wrote a letter to Carmine Gallo,
16   the FAA regional director.  Mr. Potter's letter acknowledged
17   the jurisdiction of the Third Circuit.  He wrote:  "You may
18   also recall that in 2006 BRRAM joined with the board of
19   supervisors of the Township of Lower Makefield in filing suit
20   in the Third Circuit Court of Appeals against the United
21   States Federal Aviation Administration.  The basis for the
22   2006 suit was the FAA's failure to prepare an Environmental
23   Impact Statement (EIS), as required by FAA Order 1050D, and
24   the National Environmental Policy Act (NEPA), 42 U.S.C.
25   Section 4321, et seq., including specifically a 'part 150'

Case: 15-2393   Document: 003111985910   Page: 12   Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA   Document 57-2   Filed 06/04/15   Page 6 of 15 PageID: 545

8

```
00:24

00:25

00:26

00:26

00:27
```

1  noise capability study, prior to granting Trenton-Mercer
2  Airport approval to construct a new and enlarged passenger
3  terminal intended for the purposes of attracting Southwest
4  Airlines as a 'low fare/high frequency' commercial air carrier
5  at the airport."
6         The substance of the FONSI/ROD discussed earlier,
7  and Mr. Potter's understanding of the jurisdictional issues,
8  demonstrates that Potter knew that an appeal must ordinarily
9  be filed in the Third Circuit rather than at the district
10 court.
11        On May 28, 2013, the regional administrator's office
12 replied to Mr. Potter's April letter.  The letter has several
13 major points.  First, it notes an amendment to Frontier's
14 operations specification is a major federal action.  The
15 letter states: "At the time Frontier's OpSpecs were amended to
16 add Trenton Airport, the FAA believed that the approval was
17 subject to a categorical exclusion."  The letter further
18 stated: "While the FAA is not required to complete a NEPA
19 analysis for the additional flights, we understand the
20 community's concerns surrounding operations at Trenton
21 Airport, and we are willing to undertake a noise analysis to
22 determine if mitigation is necessary.  We expect that we will
23 be able to provide you with those results sometime in mid
24 August of this year."
25        The reply is curious because the FAA does not state

Case: 15-2393 Document: 003111985910 Page: 13 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 9 of 15 PageID: 546

9

1 the date of the approval of the categorical exclusion, and it
2 only acknowledges that "the FAA believed" that the approval of
3 the categorical exclusion occurred in September, but the
4 letter does not state who, when or why the FAA had such a
5 "belief" -- nor does it state that any public communication
6 notifying the public of the categorical exclusion decision had
7 occurred.
8          Lastly, the FAA's reply breathes life into
9 plaintiffs' contention that an EIS of some kind may be in the
10 offing. The Court notes that the FAA determined it would
11 present such evidence by mid August -- which is after the 60
12 days permitted for plaintiffs to appeal. Coincidentally, at
13 oral argument the FAA acknowledged that no environmental
14 impact statement was ever undertaken; and such decision or
15 omission not to undertake an environmental assessment was
16 never communicated to the plaintiffs.
17          Motion to dismiss. Pursuant to Rule 12(b)(1) the
18 court must dismiss a complaint in whole or in part if the
19 plaintiff fails to establish that the court has jurisdiction
20 over the claim. Plaintiffs, as the party asserting
21 jurisdiction, "bears the burden of showing that the case is
22 properly before the court at all stages of the litigation."
23 The *Packard* case, 994 F.2d 1039, 1045 (3d. Cir. 1993).
24 Challenges to jurisdiction under Rule 12(b)(1) may be either
25 facial or factual. That's *Petruska v. Gannon*, 462 F.3d 294,

Case: 15-2393 Document: 003111985910 Page: 14 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 10 of 15 PageID: 547

10

302, note 3 (3d. Cir. 2006)(cert. denied 550 U.S. 903 (2007)).

A facial attack challenges the sufficiency of the pleading and the trial court "must consider the allegations of the complaint as true." However, a factual attack of plaintiff's allegations are afforded no presumption of truthfulness, and the trial court may review the evidence outside the pleadings. That's *Gould v. United States*, 220 F.3d 169, 176 (3d. Cir. 2000).

In looking at subject matter jurisdiction, the FAA filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The FAA argues that the Court lacks subject matter jurisdiction over plaintiffs' claims because the Courts of Appeal have exclusive jurisdiction to review final orders of the FAA. And the FAA also argues that even if this Court had subject matter jurisdiction, plaintiffs' claims would be barred and dismissed under Rule 12(b)(6) because the claim was filed untimely. I do not reach the 12(b)(6) decision.

Congress has vested the Federal Courts of Appeal with exclusive jurisdiction over FAA orders. Specifically, 49 U.S.C. Section 46110(a) provides in pertinent part:

> "A person disclosing a substantial interest in an order issued by...the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator...may apply for review of the order by filing a petition for

review in the United States Court of Appeals for the District of Columbia Circuit, or in the Court of Appeals in the United States for the circuit in which the plaintiff resides or has its principal place of business." 49 U.S.C. Section 46110(a).

The statute further provides that the appellate court "has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order, and may order...further [administrative] proceedings." 49 U.S.C. 46110(c). See also, *Bellocchio v. N.J. Department of Environmental Protection*, 16 F.Supp.3d 367, 375 (D.N.J. 2014). In that case it was held that challenges to FAA orders pertaining to NEPA actions vest exclusively with the U.S. Court of Appeals. The FAA argues that plaintiffs are appealing the September 25, 2012 approval, or the May 28, 2013 response from the FAA to Potter. One cannot actually determine when the categorical exclusion decision was made by the FAA. It is difficult to conceive that an inspector would have that authority in September of 2012. Moreover, the fact that the FAA asserts that it "believed" the exclusion applied does not sound as if it was a final decision. However, the facts show that a final decision occurred over this longer period of time. That is, there are a large number of flights that are entering the air space, and the FAA has washed its hands of any responsibility for oversight over Trenton Airport operations. As such, this

Case: 15-2393 Document: 003111985910 Page: 16 Date Filed: 06/09/2015
Case 3:14-cv-02686-PGS-DEA Document 57-2 Filed 06/04/15 Page 12 of 15 PageID: 549

12

appears to be the kind of case which Congress empowered the Circuit Courts to handle; that is, the FAA order being challenged by the plaintiffs is the FAA's September 25, 2012 order amending Frontier OpSpecs which authorizes Frontier to provide commercial passenger service in and out of Trenton Airport. Federal regulations empower the FAA Administrator to amend the carrier's OpSpecs (14 CFR Section 119.51(A)). Thus, it would allow for an OpSpecs amendment as one of the "aviation duties and powers designated to be carried out by the FAA Administrator" referenced in Section 4110(a).

Even if the September 25, 2012 letter is deemed not to be final, then the May 2013 reply letter from the regional manager of FAA gives notice to the plaintiffs of the so-called categorical exclusion decision. As such, under Section 4110(a) review of the FAA's letter would still lie with the Court of Appeals under 49 U.S.C. Section 46110(A). See also, *Sierra Club v. Department of Transportation*, 753 F.2d 120, 121 (D.C. Cir. 1985). See also, *Fleming v. United States Department of Transportation*, 348 Fed. App'x 736 at 737 (3d. Cir. 2009).

It's noteworthy that an agency letter can sometimes constitute an agency order. For example, the Third Circuit has held that FAA correspondence may provide an adequate record for judicial review under 49 U.S.C. Section 46110(a). See, *Aerosource v. Slater*, 142 F.3d 572, 578, note 10 (3d.

```
 1  Cir. 1998).  In Aerosource, there was a finding that an FAA
 2  letter could serve as a final order.  Thus, an FAA order "need
 3  not be a formal order, the product of a formal decision-making
 4  process, or be issued personally by the FAA administrator."
 5  Id.
 6           At the heart of this lawsuit, the lawsuit challenges
 7  the order of the FAA that amended Frontier's OpSpecs, but
 8  failed to decide, as best this Court can tell, the EIS issue.
 9  As such, under 46110(a) the Court of Appeals has exclusive
10  jurisdiction over this suit to the extent there is a dispute
11  over the meaning of the FAA's order, or whether the FAA met
12  its obligations under NEPA in categorically excluding any
13  environmental assessment.  Approval of Frontier's OpSpecs is a
14  decision that falls within the provisions of Section 46110(a),
15  because that section provides that review of the orders of FAA
16  falls squarely within the exclusive jurisdiction of the
17  Circuit Courts.  As such, when one looks at all the facts,
18  this is a case for the Circuit Courts to decide.  Despite the
19  fact that the decision-making of the FAA may have been
20  somewhat ambiguous, it still yields sufficient notice to the
21  plaintiffs that any appeal or review of an FAA decision should
22  proceed before the Circuit Courts.  As such, the complaint is
23  dismissed with prejudice.
24
25
```