# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **10** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: BRRAM, et al v. FAA, et al

USCA NO.: 15-2393

LOWER COURT or AGENCY and DOCKET NUMBER:
United States District Court for the District of New Jersey, Docket No. 3:14-cv-02686

NAME OF JUDGE: Peter G. Sheridan

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

BRRAM, Inc., and ten individuals (Holly Bussey, William Lynch, Richard Delello, Julie Power, John Giacobetti, Jennifer Giacobetti, Deborah Leamann, Caroline Bondi,. Delores Brienza, and Richard Wayne) are the appellants suing the United States Federal Aviation Administration seeking an order from the United States District Court compelling the FAA to conduct an environmental and safety review, pursuant to the National Environmental Policy Act, of the exponential increase in flights by a commercial air carrier operating at the Trenton Mercer Airport in New Jersey. The District Court dismissed the complaint for lack of subject matter jurisdiction without reviewing if the appellants' motion for leave to file an amended complaint cured the alleged jurisdictional bar. The date of the order on appeal is May 18, 2015 (filed May 19, 2015) and the District Court dictated the Court's Opinion.

**LIST** and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

The Order and the Opinion of the Court are attached: Order by Peter G. Sheridan, U.S.D.J., May 18, 2015 (filed in the United States District Court for the District of New Jersey on May 19, 2015), and Court's Opinion on Motion to Dismiss (dictated on the record). Also attached are the FAA June 9, 2008 Order Withdrawing FONSI/ROD The FAA Ops Specs amendment dated September 25, 2012 for Frontier Airlines

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

See attached statement.

Identify the issues to be raised on appeal:

See attached statement of the issues.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __9th__ day of __July__, 20__15__.

_____
Signature of Counsel

Rev. 01/2015

Statement of factual and procedural background: Docket No. 15-2393.

On June 9, 2008, the FAA issued "ORDER WITHDRAWING Finding of No Significant Impact/Record of Decision (FONSI/ROD) dated February 23, 2006 for the Trenton-Mercer Airport (TTN) Terminal Replacement and Other Projects in the Capital Improvement Program" (2008 Order). In this 2008 Order, the FAA responded to Mercer County's decision to forgo proposed expansion of TTN because Southwest Airlines, predecessor to Frontier Airlines, withdrew its plan to use TTN. This 2008 Order was the reason BRRAM, et al., agreed to dismissal of their petition to the Third Circuit for judicial review of the 2006 FONSI/ROD in *Board of Supervisors of Lower Makefield Township, Commonwealth of Pennsylvania ("Board of Supervisors"), and Bucks Residents for Responsible Airport Management ("BRRAM") v. United States Federal Aviation Administration*, No. 06-2929.

The 2008 Order provided that if TTN were to expand its facilities in order to attract another high frequency air carrier, an Environmental Impact Statement (EIS) would be required. Specifically the 2008 Order stated as follows:

> The analysis of Build Alternative 2 [airport expansion to accommodate high frequency service] revealed that alternative would likely cause sufficient noise impacts that would require the preparation of an Environmental Impact Statement (EIS).

The FAA has now taken the exact opposite position, asserting in this case that it will not conduct **any** environmental or safety reviews of the exponential increase in flights at TTN by Frontier Airlines beyond the 2 flights per week for which Frontier Airlines requested and received FAA approval in an "Operations Specifications" (Ops Specs) amendment set forth in a **private** exchange of emails between September 18 and 25, 2012.

As Frontier Airlines began to increase passenger service at TTN, BRRAM wrote twice to the FAA asking for the environmental review and compliance with the 2008 Order and the National Environmental Policy Act (NEPA). After the FAA responded that it would not conduct **any** environmental or safety review, BRRAM, Inc., et al., sued in the United States District Court in Trenton. The FAA filed a motion to dismiss dated August 14, 2014, and disclosed for the first time the amendment to Frontier's Ops Specs approving Frontier's request to operate only 2 flights per week from TTN.

On November 20, 2014, the appellants, BRRAM, Inc., et al., filed a motion with the District Court for leave to amend their complaint (1) to add three Pennsylvania municipalities in Bucks County, the Township of Lower Makefield, Upper Makefield Township, and Yardley Borough, as co-plaintiffs and (2) to clarify that their complaint is **not** directed at any action taken by the FAA in

approving the Ops Specs amendment as limited to 2 flights per week but at the FAA's **inaction**, its failure to conduct any safety or environmental analysis, as required by the NEPA, of the exponential increase in flights by Frontier Airlines at the TTN far beyond the 2 flights per week as requested and as approved by the FAA in an exchange of unpublished emails in September 2012 that were revealed for the first time as exhibits to the FAA's motion brief dated August 14, 2014.

After hearing oral argument on May 8, 2015, by order dated May 19, 2015, the District Court granted the FAA's motion to dismiss BRRAM's original complaint and declared that the appellants' motion to amend that complaint was thereby rendered "moot." This decision is procedurally backwards. The District Court rendered no ruling or opinion with respect to the proposed amended complaint, other than its asserted mootness. As a result, the District Court never considered the merits of the amended complaint and whether it cured any alleged defects in the original complaint. When a motion to amend a complaint is pending, the reviewing court must consider the adequacy of the amended complaint as a substitute for the original complaint. *Lesser v. City of Cape May*, 110 F.Supp.2d 303 (D.N.J. 2000), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Statement of issues on appeal: Docket No. 15-2393.

A. Whether the District Court has subject matter jurisdiction to compel the FAA to review the environmental and safety impacts of the "business decision" by Frontier Airlines to increase the frequency of flights at the Trenton Mercer Airport (TTN) far beyond the two flights per week permitted by the FAA in a private and unpublished Operations Specifications (Ops Specs) amendment accomplished by an exchange of private emails? And whether an Ops Specs amendment approval granted by the FAA may be considered "issued" if the FAA never published the Ops Specs amendment or provided "public notice"?

B. Whether the District Court erred by dismissing the appellant's complaint and declaring that such dismissal thereby renders plaintiffs' Motion to Amend the Complaint as "moot" without the court considering whether the amended complaint successfully cured any alleged defects in the original complaint and pleaded causes of action for which the District Court, not this Court, has subject matter jurisdiction?

C. Whether the District Court has subject matter jurisdiction to order the FAA to comply with the National Environmental Policy Act (NEPA) 42 U.S.C. § 4321, et seq. and to review the environmental and safety impacts of Frontier Airlines' exponential expansion in the frequency of flights at TTN far in excess of

the two flights per week approved by the FAA in an unpublished Ops Specs amendment?

D. Whether enactment of the Air Line Deregulation Act of 1978, 49 U.S.C. § 41109, prevents the FAA from complying with the requirements of the NEPA such that the FAA has no authority to review the safety and environmental impacts caused by Frontier's exponential increases in the frequency of flights at TTN far beyond the two flights per week permitted in the unpublished Ops Specs amendment?

E. Whether the Air Line Deregulation Act impliedly repealed NEPA as applied to the FAA in these circumstances?

F. Whether the FAA's approval of Frontier Airline's request for an Ops Specs amendment seeking FAA permission to initiate two flights per week at TTN in a private and unpublished exchange of emails over a one week period in 2012 constitutes a "final order" appealable solely to the Circuit Court of Appeals within 60 days of the date of the private and unpublished email?

G. Whether it is arbitrary and capricious for the FAA to construe the Ops Specs amendment limiting Frontier to two flights per week at TTN as *sub silentio* granting further authorization for Frontier to expand such usage without the FAA engaging in any safety or environmental review of the impacts of any such

increase in frequency of flights?

H. Whether the award of substantial Federal funds to Mercer County, New Jersey, the owner/operator of TTN, for the enhancement and expansion of airport runway capacity at TTN for the purpose of attracting a "low fare/high-frequency" (LF/HF) commercial air carrier (Frontier Airlines) constitutes a "major federal action significantly affecting the environment" and thereby triggers a duty for the FAA pursuant to the NEPA to consider the environment impacts associated with such air port construction and enhancement projects?

I. Whether the FAA is bound by its 2008 "Record of Decision" (ROD) stating that if Mercer County were to attract another LF/HF commercial air carrier (Frontier Airlines) this would likely trigger the requirements for the FAA to prepare an "Environmental Impact Statement" (EIS) due to the cumulative noise impacts associated with a substantial increase in the usage of the airport?