## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BRRAM, INC.,

               Plaintiffs,

v.

UNITED STATES FEDERAL AVIATION
ADMINISTRATION,

               Defendant.

Civil Action No.:  14-cv-2686 (PGS)

ORDER

THIS MATTER having been brought to the Court on (1) the Motion to Dismiss Plaintiffs Complaint pursuant to Fed. R. Civ. P. 12(b)(l) and 12(b)(6) (ECF No. 24) filed by Defendant, Federal Aviation Administration ("FAA"); and (2) the motion for leave to amend the complaint filed by Plaintiffs (ECF No. 35); and the Court having reviewed the papers submitted by the parties, and having heard the argument of the parties; and for the reasons set forth at the hearing on the record on May 18, 2015, and for good cause shown,

IT IS on this 18th day of May, 2015

ORDERED that the FAA's motion pursuant to Fed. R. Civ. P. 12(b)(l) is hereby GRANTED; and it is further

ORDERED that Plaintiffs Complaint is DISMISSED; and it is further

ORDERED that Plaintiff's motion to amend the Complaint is denied as moot. The clerk is directed to close the case.

 

_____
PETER G. SHERIDAN, U.S.D.J.

1                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
2

3

4   ————————————————————————————————
    BRRAM, INC., et al,
                    PLAINTIFFS
5
        Vs.                              CIVIL NO.
6                                        14-2886 (PGS)
    UNITED STATES FEDERAL AVIATION
7   ADMINISTRATION, et al,
                    DEFENDANTS
8   ————————————————————————————————

9

10                         **MAY 18, 2015**
                           CLARKSON S. FISHER COURTHOUSE
11                         402 EAST STATE STREET
                           TRENTON, NEW JERSEY  08608
12

13

14  B E F O R E:          THE HONORABLE PETER G. SHERIDAN
                          U.S. DISTRICT COURT JUDGE
15                        DISTRICT OF NEW JERSEY

16

17

18

19
    **COURT'S OPINION ON MOTION TO DISMISS**
20

21

22
                          Certified as true and correct as required
23                        by Title 28, U.S.C. Section 753
                          /S/ Francis J. Gable
24                        FRANCIS J. GABLE, C.S.R., R.M.R.
                          OFFICIAL U.S. REPORTER
25                        (856) 889-4761

1      THE COURT:  This is the BRRAM v. The Federal

2  Aviation Administration.  This is a motion by the Federal

3  Aviation Administration to dismiss the complaint for lack of

4  jurisdiction and for failure to state a claim.  The complaint

5  seeks injunctive relief to enjoin Frontier Airline Operations

6  at Trenton Mercer Airport until such time as an Environmental

7  Impact Statement is completed and implemented as required by

8  the National Environmental Policy Act (NEPA), 42 U.S.C.

9  Section 4332.  BRRAM is a group of New Jersey and Pennsylvania

10  residents who live near the Trenton Airport.  The FAA seeks to

11  dismiss under Rule 12(b)(1) because the Federal Airlines

12  Deregulation Act requires any person who is aggrieved by a

13  final action of the FAA "apply for review...in the Court of

14  Appeals of the United States for the Circuit in which the

15  person resides." 46 U.S.C. Section 46110.  The FAA also seeks

16  to dismiss under Rule 12(b)(6) because the complaint was

17  untimely filed, as the petition for review must be filed

18  within 60 days after the order is issued, and allegedly the

19  plaintiffs did not comply with that provision.  The statute

20  (49 U.S.C. Section 46110(a)) provides in pertinent part:  "A

21  person disclosing a substantial interest in an order issued by

22  the secretary of transportation (or the...administrator of the

23  Federal Aviation Administration with respect to aviation

24  duties and powers designated to be carried out by the

25  administrator) in whole or in part under this part or part

00:00 (line 5)
00:00 (line 10)
00:01 (line 15)
00:02 (line 20)
00:0? (line 25)

1  B...may apply for review of the order by filing a petition for

2  review in the United States Court of Appeals for the District

3  of Columbia Circuit, or in the Court of Appeals of the United

4  States for the Circuit in which the person resides or has its

5  principal place of business.  The petition must be filed no

6  later than 60 days after the order is issued.  The court may

7  allow the petition to be filed after the 60th day only if

8  there are reasonable grounds for not filing by the 60th day."

9            The plaintiffs counter that they seek to have an

10  environmental assessment of the noise impacts of the Trenton

11  Airport undertaken by the FAA prior to the commencement of

12  more airline traffic.  As such, the plaintiffs only contend

13  they seek relief exclusively under the NEPA.

14            The NEPA requires that Environmental Impact

15  Statements be prepared before undertaking "major federal

16  actions significantly affecting the quality of human

17  environment."  42 U.S.C. Section 4332(c).  The FAA had not

18  provided an Environmental Impact Statement under NEPA because

19  the FAA determined that the Trenton Airport fit within the

20  "categorical exclusion provisions of NEPA."  In light of those

21  contentions, the facts are presented below.

22            In 2006, BRRAM and Lower Makefield Township filed

23  suit against the FAA in the Third Circuit.  While the suit was

24  pending in 2008, after 10 years of attempting to expand the

25  Trenton Airport to accommodate a low fare/high frequency air

1  carrier, Mercer County officials abandoned its expansion plan

2  and advised the FAA of same.  At that time, and in response,

3  the FAA "withdrew the Finding of No Significant Impact/Record

4  of Decision" (FONSI/ROD) that was originally filed on February

5  23, 2006.  Within the withdrawal, the regional administrator

6  noted that an environmental assessment was undertaken, and the

7  FAA issued a FONSI/ROD approving the airport's sponsor's

8  preferred alternative.  The administrator further noted that

9  such an assessment remains valid for three years, and three

10  years was nearing expiration.  As such, the Trenton Airport

11  "EA would need to be reevaluated at the very least to ensure

12  that the environmental analyses are accurate, valid, adequate

13  and current."  Under the signature of the administrator, the

14  administrator noted that the withdrawal was a final action or

15  decision.  It states:

16      "This decision is taken pursuant to 49 U.S.C. Section

17       40101, et seq. (Part A) and 49 U.S.C. Section 47101, et

18       seq. (Part B), and constitutes a final order of the

19       administrator which is subject to review by the Courts of

20       Appeals by the United States in accordance with the

21       provisions of 49 U.S.C. Section 46110."

22      The filing of this withdrawal also ended the lawsuit

23  that was pending in the Third Circuit, and terminated any

24  judicial proceedings on the expansion of the Trenton Airport.

25      From that date there were no other reportable events

1   with regard to the parties until September 19, 2012.  On that

2   date Frontier, by way of a letter from Jim Colburn, notified

3   the FAA (Dale Snider) of its intent to utilize Trenton

4   Airport.  And Frontier sought an amendment "to add Trenton,

5   New Jersey to the Frontier Airlines operations specifications

6   CO7O airports as a regular (R) and alternative (A) airport."

7   The letter that Mr. Colburn of Frontier sent was brief.  First

8   it indicated that the subject matter as scheduled air bus

9   service from TTN (TTN being Trenton).  Then the body of the

10  letter indicates "that Frontier Airlines intends to begin

11  scheduled service from Trenton, New Jersey (TTN).  Service is

12  scheduled to begin on November 16, 2012 utilizing the airbus

13  A320 Series aircraft."  The letter only refers to two flights

14  per week, but below that Frontier Airlines requested to add

15  Trenton, New Jersey (TTN) to the Frontier Airlines operations

16  specifications, CO7O airports as a regular (R) and alternative

17  (A) airport.

18        About a week later, on September 25, 2012, Dale

19  Snider, Principal Operations Inspector of FAA, approved

20  Frontier's operations specifications.  That approval was

21  printed on the letterhead of U.S. Department of

22  Transportation, Federal Aviation Administration; and refers to

23  the operations specifications.  Below that reference there are

24  several paragraphs wherein it reads:  The certificate holder

25  (Frontier) applies for operations specifications to add

1  Trenton as a regular and alternative airport, and these
2  operations specifications are approved by direction of the
3  administrator.
4      Within the FAA's submission there is a certification
5  of Bruce A. Montigny, Manager of Flight Standard District
6  Office of the FAA, who overseas Frontier's air carrier's
7  certificate.  Mr. Montigny certified that Frontier's amendment
8  to add Trenton is a final decision of the FAA.  Montigny
9  states in paragraph 11 of his certification:
10      "On September 25, 2012, after determining that
11      Frontier could safely provide regular scheduled service
12      at Trenton-Mercer County Airport, the FAA approved that
13      amendment to Frontier's OpSpecs to include
14      Trenton-Mercer County Airport.  Exhibit B to this
15      declaration Frontier Airlines operations specifications
16      CO7O dated September 25, 2012 reflects this decision.
17      Once Frontier's OpSpecs were approved to permit it to
18      operate at Trenton-Mercer County Airport, Frontier
19      required no further approval with respect to service at
20      Trenton-Mercer County Airport.  Frontier is free to
21      determine which other airports approved in its OpSpecs
22      it will serve from Trenton-Mercer County Airport, as well
23      as the number of flights it will provide.  These matters
24      are business decisions made by the carrier without FAA
25      involvement."

1    My review of this request and approval of the
2    operations specifications of Frontier raises certain concerns,
3    which I note below.  First, there's nothing in the approval of
4    the FAA about the waiving of the environmental assessment on
5    the basis of a categorical exclusion; second, the approval
6    does not note that it is a final decision of the FAA, although
7    it does acknowledge that approval was by the administrator of
8    the FAA; third, it is uncertain whether Dale Snider, who was
9    an inspector, has the authority over environmental matters so
10   as to conclude that an environmental assessment may be
11   categorically excluded.  And lastly, it remains unclear
12   whether the approval of the OpSpecs was communicated publicly,
13   i.e., to others beyond Frontier.
14       Sometime thereafter, on April 24, 2013, Mr. Potter,
15   attorney for the plaintiffs, wrote a letter to Carmine Gallo,
16   the FAA regional director.  Mr. Potter's letter acknowledged
17   the jurisdiction of the Third Circuit.  He wrote:  "You may
18   also recall that in 2006 BRRAM joined with the board of
19   supervisors of the Township of Lower Makefield in filing suit
20   in the Third Circuit Court of Appeals against the United
21   States Federal Aviation Administration.  The basis for the
22   2006 suit was the FAA's failure to prepare an Environmental
23   Impact Statement (EIS), as required by FAA Order 1050D, and
24   the National Environmental Policy Act (NEPA), 42 U.S.C.
25   Section 4321, et seq., including specifically a 'part 150'

1 noise capability study, prior to granting Trenton-Mercer

2 Airport approval to construct a new and enlarged passenger

3 terminal intended for the purposes of attracting Southwest

4 Airlines as a 'low fare/high frequency' commercial air carrier

5 at the airport."

6          The substance of the FONSI/ROD discussed earlier,

7 and Mr. Potter's understanding of the jurisdictional issues,

8 demonstrates that Potter knew that an appeal must ordinarily

9 be filed in the Third Circuit rather than at the district

10 court.

11          On May 28, 2013, the regional administrator's office

12 replied to Mr. Potter's April letter.  The letter has several

13 major points.  First, it notes an amendment to Frontier's

14 operations specification is a major federal action.  The

15 letter states: "At the time Frontier's OpSpecs were amended to

16 add Trenton Airport, the FAA believed that the approval was

17 subject to a categorical exclusion."  The letter further

18 stated: "While the FAA is not required to complete a NEPA

19 analysis for the additional flights, we understand the

20 community's concerns surrounding operations at Trenton

21 Airport, and we are willing to undertake a noise analysis to

22 determine if mitigation is necessary.  We expect that we will

23 be able to provide you with those results sometime in mid

24 August of this year."

25          The reply is curious because the FAA does not state

1  the date of the approval of the categorical exclusion, and it

2  only acknowledges that "the FAA believed" that the approval of

3  the categorical exclusion occurred in September, but the

4  letter does not state who, when or why the FAA had such a

5  "belief" -- nor does it state that any public communication

6  notifying the public of the categorical exclusion decision had

7  occurred.

8      Lastly, the FAA's reply breathes life into

9  plaintiffs' contention that an EIS of some kind may be in the

10  offing.  The Court notes that the FAA determined it would

11  present such evidence by mid August -- which is after the 60

12  days permitted for plaintiffs to appeal.  Coincidentally, at

13  oral argument the FAA acknowledged that no environmental

14  impact statement was ever undertaken; and such decision or

15  omission not to undertake an environmental assessment was

16  never communicated to the plaintiffs.

17      Motion to dismiss.  Pursuant to Rule 12(b)(1) the

18  court must dismiss a complaint in whole or in part if the

19  plaintiff fails to establish that the court has jurisdiction

20  over the claim.  Plaintiffs, as the party asserting

21  jurisdiction, "bears the burden of showing that the case is

22  properly before the court at all stages of the litigation."

23  The *Packard* case, 994 F.2d 1039, 1045 (3d. Cir. 1993).

24  Challenges to jurisdiction under Rule 12(b)(1) may be either

25  facial or factual.  That's *Petruska v. Gannon*, 462 F.3d 294,

1   302, note 3 (3d. Cir. 2006)(cert. denied 550 U.S. 903 (2007)).

2        A facial attack challenges the sufficiency of the

3   pleading and the trial court "must consider the allegations of

4   the complaint as true."  However, a factual attack of

5   plaintiff's allegations are afforded no presumption of

6   truthfulness, and the trial court may review the evidence

7   outside the pleadings.  That's *Gould v. United States*, 220

8   F.3d 169, 176 (3d. Cir. 2000).

9        In looking at subject matter jurisdiction, the FAA

10  filed a motion to dismiss pursuant to Rules 12(b)(1) and

11  12(b)(6).  The FAA argues that the Court lacks subject matter

12  jurisdiction over plaintiffs' claims because the Courts of

13  Appeal have exclusive jurisdiction to review final orders of

14  the FAA.  And the FAA also argues that even if this Court had

15  subject matter jurisdiction, plaintiffs' claims would be

16  barred and dismissed under Rule 12(b)(6) because the claim was

17  filed untimely.  I do not reach the 12(b)(6) decision.

18       Congress has vested the Federal Courts of Appeal

19  with exclusive jurisdiction over FAA orders.  Specifically, 49

20  U.S.C. Section 46110(a) provides in pertinent part:

21       "A person disclosing a substantial interest in an order

22       issued by...the Administrator of the Federal Aviation

23       Administration with respect to aviation duties and powers

24       designated to be carried out by the Administrator...may

25       apply for review of the order by filing a petition for

1   review in the United States Court of Appeals for the

2   District of Columbia Circuit, or in the Court of Appeals

3   in the United States for the circuit in which the

4   plaintiff resides or has its principal place of

5   business."  49 U.S.C. Section 46110(a).

6        The statute further provides that the appellate

7   court "has exclusive jurisdiction to affirm, amend, modify, or

8   set aside any part of the order, and may order...further

9   [administrative] proceedings."  49 U.S.C. 46110(c).  See also,

10  *Bellocchio v. N.J. Department of Environmental Protection*, 16

11  F.Supp.3d 367, 375 (D.N.J. 2014).  In that case it was held

12  that challenges to FAA orders pertaining to NEPA actions vest

13  exclusively with the U.S. Court of Appeals.  The FAA argues

14  that plaintiffs are appealing the September 25, 2012 approval,

15  or the May 28, 2013 response from the FAA to Potter.  One

16  cannot actually determine when the categorical exclusion

17  decision was made by the FAA.  It is difficult to conceive

18  that an inspector would have that authority in September of

19  2012.  Moreover, the fact that the FAA asserts that it

20  "believed" the exclusion applied does not sound as if it was a

21  final decision.  However, the facts show that a final decision

22  occurred over this longer period of time.  That is, there are

23  a large number of flights that are entering the air space, and

24  the FAA has washed its hands of any responsibility for

25  oversight over Trenton Airport operations.  As such, this

1    appears to be the kind of case which Congress empowered the

2    Circuit Courts to handle; that is, the FAA order being

3    challenged by the plaintiffs is the FAA's September 25, 2012

4    order amending Frontier OpSpecs which authorizes Frontier to

5    provide commercial passenger service in and out of Trenton

6    Airport.  Federal regulations empower the FAA Administrator to

7    amend the carrier's OpSpecs (14 CFR Section 119.51(A)).  Thus,

8    it would allow for an OpSpecs amendment as one of the

9    "aviation duties and powers designated to be carried out by

10   the FAA Administrator"  referenced in Section 4110(a).

11          Even if the September 25, 2012 letter is deemed not

12   to be final, then the May 2013 reply letter from the regional

13   manager of FAA gives notice to the plaintiffs of the so-called

14   categorical exclusion decision.  As such, under Section

15   4110(a) review of the FAA's letter would still lie with the

16   Court of Appeals under 49 U.S.C. Section 46110(A).  See also,

17   *Sierra Club v. Department of Transportation*, 753 F.2d 120, 121

18   (D.C. Cir. 1985).  See also, *Fleming v. United States*

19   *Department of Transportation*, 348 Fed. App'x 736 at 737 (3d.

20   Cir. 2009).

21          It's noteworthy that an agency letter can sometimes

22   constitute an agency order.  For example, the Third Circuit

23   has held that FAA correspondence may provide an adequate

24   record for judicial review under 49 U.S.C. Section 46110(a).

25   See, *Aerosource v. Slater*, 142 F.3d 572, 578, note 10 (3d.

1  Cir. 1998).  In *Aerosource,* there was a finding that an FAA
2  letter could serve as a final order.  Thus, an FAA order "need
3  not be a formal order, the product of a formal decision-making
4  process, or be issued personally by the FAA administrator."
5  *Id.*

6          At the heart of this lawsuit, the lawsuit challenges
7  the order of the FAA that amended Frontier's OpSpecs, but
8  failed to decide, as best this Court can tell, the EIS issue.
9  As such, under 46110(a) the Court of Appeals has exclusive
10  jurisdiction over this suit to the extent there is a dispute
11  over the meaning of the FAA's order, or whether the FAA met
12  its obligations under NEPA in categorically excluding any
13  environmental assessment.  Approval of Frontier's OpSpecs is a
14  decision that falls within the provisions of Section 46110(a),
15  because that section provides that review of the orders of FAA
16  falls squarely within the exclusive jurisdiction of the
17  Circuit Courts.  As such, when one looks at all the facts,
18  this is a case for the Circuit Courts to decide.  Despite the
19  fact that the decision-making of the FAA may have been
20  somewhat ambiguous, it still yields sufficient notice to the
21  plaintiffs that any appeal or review of an FAA decision should
22  proceed before the Circuit Courts.  As such, the complaint is
23  dismissed with prejudice.
24
25

U.S. Department
of Transportation
Federal Aviation
Administration

**Operations Specifications**

HQ Control: 07/25/2001
HQ Revision: 04b

**C070 - Airports Authorized for Scheduled Operations**

a.    The certificate holder is authorized to conduct scheduled passenger and cargo operations between the regular, refueling, and provisional airports specified in the following table. Except for alternate airports, the certificate holder shall not use any other airport in the conduct of scheduled passenger and cargo operations. The certificate holder shall maintain a list of alternate airports which can be used and shall not use any alternate airport unless it is available for the type of aircraft being used and the kind of operation being conducted.

b.    The following definitions shall apply:

**Regular Airport.** An airport approved under scheduled service to a community as the regular stop to that community;

**Refueling Airport.** An airport approved as an airport to which flights may be dispatched only for refueling;

**Provisional Airport.** An airport approved for use by an air carrier for the purpose of providing scheduled service to a community when the regular airport serving that community is not available.

**Alternate Airport.** An airport at which an aircraft may land if a landing at the intended airport becomes inadvisable.

NOTE: Refueling and provisional airports are not applicable to Part 135 operations;
R = Regular, F = Refueling, A = Alternate, and P = Provisional

The complete Airports Authorized for Scheduled Operations table begins on the next page.

Frontier Airlines, Inc.

C070-1

Certificate No.: FDLA088Y

U.S. Department
of Transportation
Federal Aviation
Administration

Operations Specifications

## Airports Authorized for Scheduled Operations

| AIRPORTS Location | AIRCRAFT AUTHORIZED | | | |
|---|---|---|---|---|
| | Provisional | A-318 | A-319 | A-320 |
| ABILENE REGIONAL, TX, UNITED STATES, KABI | N/A | A | A | A |
| ACAPULCO MEXICO, MMAA | N/A | A | A | A |
| AKRON-CANTON REGIONAL, OH, UNITED STATES, KCAK | N/A | A/R | A/R | A/R |
| ALBANY INTERNATIONAL, NY, UNITED STATES, KALB | N/A | A | A | A |
| ALBUQUERQUE INTL, NM, UNITED STATES, KABQ | N/A | A/R | A/R | A/R |
| ALEXANDRIA INTL, LA, UNITED STATES, KAEX | N/A | A | A | A |
| ALLENTOWN/LEHIGH VALLEY INTL, PA, UNITED STATES, KABE | N/A | A/R | A/R | A/R |
| AMARILLO INTL, TX, UNITED STATES, KAMA | N/A | A | A | A |
| ANCHORAGE/MERRILL FIELD, AK, ALASKA (U.S.), PAID | N/A | A | A | A |
| ANCHORAGE INTL, AK, ALASKA (U.S.) PANC | N/A | A | A | A |
| ATLANTA/HARTSFIELD-JACKSON ATLANTA INTL, GA, UNITED STATES, KATL | N/A | A/R | A/R | A/R |
| ATLANTIC CITY INTL, NJ, UNITED STATES, KACY | N/A | A | A | A |
| AUGUSTA/AUGUSTA REGIONAL AT BUSH FIELD, GA, UNITED STATES, KAGS | N/A | A | A | A |
| AUSTIN-BERGSTROM INTERNATIONAL, TX, UNITED STATES, KAUS | N/A | A/R | A/R | A/R |
| BAKERSFIELD/MEADOWS FIELD, CA, UNITED STATES, KBFL | N/A | A | A | A |
| BALTIMORE/WASHINGTON INTL, THURGOOD MARSHALL, MD, UNITED STATES, KBWI | N/A | A/R | A/R | A/R |
| BANGOR INTL, ME, UNITED STATES, KBGR | N/A | A | A | A |
| BATON ROUGE METROPOLITAN/RYAN FIELD, LA, UNITED STATES, KBTR | N/A | A | A | A |
| BEAUMONT/PORT ARTHUR/JACK BROOKS REGIONAL, TX, UNITED STATES, KBPT | N/A | A | A | A |
| BELLEVILLE/SCOTT AFB/MIDAMERICA, IL, UNITED STATES, KBLV | N/A | A | A | A |

Frontier Airlines, Inc.                     C07R-2                     Certificate No.: FJLA0061V

U.S. Department
of Transportation
Federal Aviation
Administration                     Operations Specifications

| AIRPORTS | | AIRCRAFT AUTHORIZED | | |
| --- | --- | --- | --- | --- |
| Location | Provisional | A-318 | A-319 | A-320 |
| BELLINGHAM/INTL., WA.. UNITED STATES; KBLI | N/A | A,R | A,R | A,R |
| BILLINGS LOGAN INTL.,MT., UNITED STATES; KBIL | N/A | A | A | A |
| BLOOMINGTON/NORMAL/CENTRAL ILLINOIS REGIONAL, IL., UNITED STATES; KBMI | N/A | A,R | A,R | A,R |
| BOISE AIR TERMINAL/GOWEN FLD ,ID.. UNITED STATES; KBOI | N/A | A,R | A,R | A,R |
| BOSTON/GENERAL E.L.LOGAN INTL, MA., UNITED STATES; KBOS | N/A | A,R | A,R | A,R |
| BOZEMAN/GALLATIN FIELD. MT.. UNITED STATES; KBZN | N/A | A,R | A,R | A,R |
| BRADLEY INTL AIRPORT WINDSOR LOCKS, CT., UNITED STATES; KBDL | N/A | A | A | A |
| BRANSON AIRPORT. UNITED STATES; KBBG | N/A | A,R | A,R | A,R |
| BUFFALO NIAGARA INTL AIRPORT, NY.. UNITED STATES; KBUF | N/A | A | A | A |
| BULLHEAD CITY/LAUGHLIN/BULLHEAD INT'L. AZ. UNITED STATES; KIFP | N/A | A | A | A |
| CANCUN, MEXICO; MMUN | N/A | - | A,R | A,R |
| CASPER/NATRONA COUNTY INTL.. WY.. UNITED STATES; KCPR | N/A | A | A | A |
| CHARLOTTE/DOUGLAS INTL.,NC., UNITED STATES; KCLT | N/A | A | A | A |
| CHATTANOOGA/LOVELL FIELD, TN. UNITED STATES; KCHA | N/A | A | A | A |
| CHEYENNE/REGIONAL/JERRY OLSON FIELD,WY.. UNITED STATES; KCYS | N/A | A | A | A |
| CHICAGO/CHICAGO-MIDWAY INTL.IL.. UNITED STATES; KMDW | N/A | A,R | A,R | A,R |
| CHICAGO/O'HARE INTL.. IL., UNITED STATES; KORD | N/A | A,R | A,R | A,R |
| CINCINNATI/NORTHERN KENTUCKY INTL., OH.. UNITED STATES; KCVG | N/A | A,R | A,R | A,R |
| CLEVELAND/CLEVELAND-HOPKINS INTL,OH., UNITED STATES; KCLE | N/A | A,R | A,R | A,R |
| COLORADO SPRINGS/CITY OF COLORADO SPRINGS MUNI., CO., UNITED STATES; KCOS | N/A | A,R | A,R | A,R |
| COLUMBIA METROPOLITAN,SC.. UNITED STATES; KCAE | N/A | A | A | A |
| COLUMBIA REGIONAL,MO., UNITED STATES; KCOU | N/A | A | A | A |

Case 3:14-cv-02686-JAP-DEA   Document 24-2   Filed 08/18/14   Page 9 of 17 PageID: 175

U.S. Department
of Transportation
Federal Aviation
Administration                        Operations Specifications

| AIRPORTS | | AIRCRAFT AUTHORIZED | | |
| --- | --- | --- | --- | --- |
| Location | Provisional | A-318 | A-319 | A-320 |
| COLUMBUS/PORT COLUMBUS INTL, OH., UNITED STATES: KCMH | N/A | A | A | A |
| COZUMEL, MEXICO; MMCZ | N/A | - | A,R | A,R |
| CULIACAN, MEXICO; MMCL | N/A | - | A,R | A,R |
| DALLAS/DALLAS-LOVE FIELD,TX., UNITED STATES: KDAL | N/A | A | A | A |
| DALLAS-FORT WORTH/INTL,TX., UNITED STATES; KDFW | N/A | A | A | A |
| DAYTON/JAMES M. COX DAYTON INTL, OH., UNITED STATES: KDAY | N/A | A,R | A,R | A,R |
| DAYTONA BEACH/INTL, FL., UNITED STATES; KDAB | N/A | A,R | A,R | A,R |
| DENVER INTERNATIONAL, CO., UNITED STATES; KDEN | N/A | A | A | A |
| DES MOINES INTL, IA., UNITED STATES; KDSM | N/A | A,R | A,R | A,R |
| DETROIT/METROPOLITAN WAYNE COUNTY, MI., UNITED STATES; KDTW | N/A | A,R | A,R | A,R |
| DUBUQUE REGIONAL, IA., UNITED STATES; KDBQ | N/A | A,R | A,R | A,R |
| DULUTH/INTL, MN., UNITED STATES; KDLH | N/A | A | A | A |
| DURANGO/INTL, MEXICO; MMDO | N/A | A | A | A |
| EL PASO/INTL, TX., UNITED STATES; KELP | N/A | A | A | A |
| EUGENIS/MAHLON SWEET FIELD,OR., UNITED STATES; KEUG | N/A | A | A | A |
| EVANSVILLE REGIONAL,IN., UNITED STATES; KEVV | N/A | A | A | A |
| EVERETT/SNOHOMISH COUNTY - PAINE FIELD, WA., UNITED STATES; KPAE | N/A | A | A | A |
| FAIRBANKS/INTL AER,AK., ALASKA (U.S.); PAEI | N/A | A | A | A |
| FAIRBANKS/INTL,AK., ALASKA (U.S.); PAFA | N/A | A,R | A,R | A,R |
| FARGO/HECTOR INTL,ND., UNITED STATES; KFAR | N/A | A | A | A |
| FARMINGTON/ FOUR CORNERS REGIONAL, NM, UNITED STATES; KFMN | N/A | A | A | A |
| FLINT/BISHOP INTL,MI., UNITED STATES; KFNT | N/A | A | A | A |
| FORT COLLINS/LOVELAND MUNI, CO, UNITED STATES; KFNL | N/A | A | A | A |

Frontier Airlines, Inc.                    C070-4                    Certificate No.: FJLA008Y

**U.S. Department of Transportation, Federal Aviation Administration**

## Operations Specifications

| AIRPORTS | AIRCRAFT AUTHORIZED | | | |
|---|---|---|---|---|
| Location | Previous | A-318 | A-319 | A-320 |
| FORT LAUDERDALE/FORT LAUDERDALE-HOLLYWOOD INTL,FL- UNITED STATES KFLL | N/A | A-R | A-R | A-R |
| FORT MYERS/SOUTHWEST FLORIDA AIRPORT,FL, UNITED STATES KRSW | N/A | A-R | A-R | A-R |
| FORT WAYNE INTERNATIONAL,IN, UNITED STATES KFWA | N/A | A | A | A |
| FRESNO/FRESNO AIR TERMINAL,CA, UNITED STATES KFAT | N/A | A | A | A |
| GAINESVILLE REGIONAL, FL, UNITED STATES KGNV | N/A | A | A | A |
| GRAND JUNCTION REGIONAL, CO, UNITED STATES KGJT | N/A | A | A | A |
| GRAND RAPIDS/GERALD R. FORD INTL,MI, UNITED STATES KGRR | N/A | A-R | A-R | A-R |
| GREENBAY/AUSTIN STRAUBEL,WI, UNITED STATES KGRB | N/A | A-R | A-R | A-R |
| GUADALAJARA, MEXICO, MMGL | N/A | A | A | A |
| GULFPORT/GULFPORT-BILOXI INTL,MS, UNITED STATES KGPT | N/A | A | A | A |
| HARRISBURG INTL,PA, UNITED STATES KMDT | N/A | A-R | A | A |
| HOUSTON/GEORGE BUSH INTERCONTINENTAL, TX, UNITED STATES KIAH | N/A | A-R | A-R | A-R |
| HOUSTON/WILLIAM P. HOBBY,TX, UNITED STATES KHOU | N/A | A-R | A-R | A-R |
| INDIANAPOLIS INTL, IN, UNITED STATES KIND | N/A | A-R | A-R | A-R |
| ISLIP/LONG ISLAND MACARTHUR,NY, UNITED STATES KISP* | N/A | A-R | A-R | A-R |
| JACKSON HOLE,WY, UNITED STATES KJAC | N/A | A | A | A |
| JACKSON/EVERS INTL AIRPORT,MS, UNITED STATES KJAN | N/A | R | R | R |
| JACKSONVILLE INTL, FL, UNITED STATES KJAX | N/A | A | A | A |
| KANSAS CITY INTL, MO, UNITED STATES KMCI | N/A | A | A | A |
| KENAI/KENAI,AK, ALASKA (U.S.) PAEN | N/A | A | A | A |
| KINGSTON/NORMAN MANLEY, JAMAICA MKJP | N/A | A | A | A |
| KNOXVILLE/MCGHEE TYSON,TN, UNITED STATES KTYS | N/A | A-R | A-R | A-R |
| LA CROSSE MUNI,WI, UNITED STATES KLSE | N/A | A | A | A |

U.S. Department
of Transportation
Federal Aviation
Administration

Operations Specifications

| AIRPORTS | | AIRCRAFT AUTHORIZED | | | |
|---|---|---|---|---|---|
| Location | Provisional | A-318 | A-319 | A-320 |
| LA PAZ INTERNATIONAL, MEXICO, MMLP | N/A | A | A | A |
| LAFAYETTE REGIONAL, LA, UNITED STATES, KLFT | N/A | A | A | A |
| LANSING/CAPITAL REGION INTL, MI, UNITED STATES, KLAN | N/A | A | A | A |
| LARAMIE/REGIONAL, WY, UNITED STATES, KLAR | N/A | A | A | A |
| LAS VEGAS/MCCARRAN INTL, NV, UNITED STATES, KLAS | N/A | A,R | A,R | A,R |
| LIBERIA/DANIEL ODUBER INTL, COSTA RICA, MRLB | N/A | A,R,F | A,R,F | A,R,F |
| LINCOLN, NE, UNITED STATES, KLNK | N/A | A | A | A |
| LITTLE ROCK/ADAMS FIELD, AR, UNITED STATES, KLIT | N/A | A,R | A,R | A,R |
| LONG BEACH/DAUGHERTY FIELD, CA, UNITED STATES, KLGB | N/A | A | A | A |
| LORETO, MEXICO, MMLT | N/A | A | A | A |
| LOS ANGELES INTL, CA, UNITED STATES, KLAX | N/A | A | A | A |
| LOUISVILLE/STANDIFORD, KY, UNITED STATES, KSDF | N/A | A,R | A,R | A,R |
| MACON/MIDDLE GEORGIA REGIONAL, GA, UNITED STATES, KMCN | N/A | A,R | A,R | A,R |
| MADISON/DANE COUNTY REGIONAL TRUAX FIELD, WI, UNITED STATES, KMSN | N/A | A,R | A,R | A,R |
| MANAGUA/AUGUSTO CESAR SANDINO, NICARAGUA, MNMG | N/A | A,R | A,R | A,R |
| MANCHESTER/MANCHESTER INTL, UNITED STATES, KMHT | N/A | A | A | A |
| MAZATLAN, MEXICO, MMMZ | N/A | A,R | A,R | A,R |
| MCALLEN/MILLER INTL, TX, UNITED STATES, KMFE | N/A | A,R | A,R | A,R |
| MELBOURNE INTL, FL, UNITED STATES, KMLB | N/A | A,R | A,R | A,R |
| MEMPHIS INTL, TENN, UNITED STATES, KMEM | N/A | A | A | A |
| MERIDA, MEXICO, MMMD | N/A | A | A | A |
| MEXICO CITY/BENITO JUAREZ INTL, MEXICO, MMMX | N/A | A | A | A |

Frontier Airlines, Inc.

C070-6

Certificate No.: FILA00KY

Case 3:14-cv-02686-JAP-DEA   Document 24-2   Filed 08/18/14   Page 12 of 17 PageID: 178

U.S. Department of Transportation
Federal Aviation Administration

Operations Specifications

| AIRPORTS | | AIRCRAFT AUTHORIZED | | |
|---|---|---|---|---|
| Location | Provisions | A-318 | A-319 | A-320 |
| MIAMI INTL, FL, UNITED STATES: KMIA | N/A | A | A | A |
| MILWAUKEE-GENERAL MITCHELL INTL, WI, UNITED STATES: KMKE | N/A | A/R | A/R | A/R |
| MINNEAPOLIS-ST PAUL/WOLD CHAMBERLAIN INTL, MN, UNITED STATES: KMSP | N/A | A/R | A/R | A/R |
| MOBILE REGIONAL, AL, UNITED STATES: KMOB | N/A | A/R | A/R | A/R |
| MOLINE/QUAD CITY INTL, IL, UNITED STATES: KMLI | N/A | A | A | A |
| MONROE/MONROE REGIONAL, LA, UNITED STATES: KMLU | N/A | A | A | A |
| MONTEGO BAY/SANGSTER, JAMAICA: MKJS | N/A | A | A | A |
| MONTGOMERY REGIONAL (DANNELLY FIELD), AL, UNITED STATES: KMGM | N/A | - | A/R | A/R |
| MONTROSE REGIONAL, CO, UNITED STATES: KMTJ | N/A | A | A | A/R |
| MOSES LAKE/GRANT CO INTL, WA, U.S., UNITED STATES: KMWH | N/A | A | A | A |
| NASHVILLE INTL, TN, UNITED STATES: KBNA | N/A | A/R | A/R | A/R |
| NEW ORLEANS INTL-LOUIS ARMSTRONG, LA, UNITED STATES: KMSY | N/A | A/R | A/R | A/R |
| NEW YORK/JOHN F. KENNEDY INTL, NY, UNITED STATES: KJFK | N/A | A | A | A |
| NEW YORK/LA GUARDIA, NY, UNITED STATES: KLGA | N/A, | A | A | A |
| NEWARK/LIBERTY INTL, NJ, UNITED STATES: KEWR | N/A | A/R | A | A/R |
| NEWBURGH/STEWART INTL, NY, UNITED STATES: KSWF | N/A | A | A | A |
| NEWPORT NEWS/WILLIAMSBURG INTL, VA, UNITED STATES: KPHF | N/A | A/R | A/R | A/R |
| NORTH PLATTE REGIONAL, NE, UNITED STATES: KLBF | N/A | A | A | A |
| OAKLAND/METROPOLITAN OAKLAND INTL, CA, UNITED STATES: KOAK | N/A | A | A | A |
| OGDEN/HINCKLEY (UT), UNITED STATES: KOGD | N/A | A | A | A |
| OKLAHOMA CITY/WILL ROGERS WORLD, OK, UNITED STATES: KOKC | N/A | A/R | A/R | A/R |
| OMAHA/EPPLEY AIR FIELD, NE, UNITED STATES: KOMA | N/A | A/R | A/R | A/R |
| ONTARIO INTL, CA, UNITED STATES: KONT | N/A | A | A | A |

U.S. Department
of Transportation
Federal Aviation
Administration                    Operations Specifications

| AIRPORTS | | AIRCRAFT AUTHORIZED | | |
|---|---|---|---|---|
| Location | Provisional | A-318 | A-319 | A-320 |
| ORLANDO/INTL.FL., UNITED STATES: KMCO | N/A | A,R | A,R | A,R |
| ORLANDO/SANFORD INTL., FL., UNITED STATES: KSFB | N/A | A | A | A |
| PALM SPRINGS/REGIONAL,CA, UNITED STATES: KPSP | N/A | A,R | A | A,R |
| PANAMA CITY/TOCUMEN INTL., PANAMA: MPTO | N/A | A | A | A |
| PEORIA/GENERAL DOWNING - PEORIA INTL., IL., UNITED STATES: KPIA | N/A | A | A | A |
| PHILADELPHIA/INTL., PA., UNITED STATES: KPHL | N/A | A | A | A |
| PHOENIX/MESA GATEWAY, AZ., UNITED STATES: KIWA | N/A | A,R | A,R | A,R |
| PHOENIX/SKY HARBOR INTL., AZ., UNITED STATES: KPHX | N/A | A | A | A |
| PITTSBURGH INTL AIRPORT, PA., UNITED STATES: KPIT | N/A | A,R | A,R | A,R |
| POCATELLO/REGIONAL,ID., UNITED STATES: KPIH | N/A | A,R | A,R | A,R |
| PORT-AU-PRINCE/INTL, HAITI: MTPP | N/A | A | A | A |
| PORTLAND/INTL. JETPORT,ME. UNITED STATES: KPWM | N/A | A | A | A |
| PORTLAND/INTL. OR., UNITED STATES: KPDX | N/A | A,R | A,R | A,R |
| PORTSMOUTH/INTL. AT PEASE, NH., UNITED STATES: KPSM | N/A | A | A | A |
| PROVIDENCE/THEODORE FRANCIS GREENE STATE,RI., UNITED STATES: KPVD | N/A | A | A | A |
| PROVO MUNICIPAL AIRPORT, UT, UNITED STATES: KPVU | N/A | A | A | A |
| PUEBLO MEMORIAL, CO., UNITED STATES: KPUB | N/A | A | A | A |
| PUERTO VALLARTA, MEXICO: MMPR | N/A | A,R | A,R | A,R |
| PUNTA CANA, DOMINICAN REPUBLIC: MDPC | N/A | . | A,R | A,R |
| RALEIGH/DURHAI,NC., UNITED STATES: KRDU | N/A | A | A | A |
| REDMOND/ROBERTS FIELD,OR., UNITED STATES: KRDM | N/A | A | A | A |
| RENO/TAHOE INTL. NV., UNITED STATES: KRNO | N/A | A | A | A |
| RICHMOND/INTL, VA., UNITED STATES: KRIC | N/A | A | A | A |

Frontier Airlines, Inc.                    C070-8                    Certificate No.: F3LA008Y

**U.S. Department of Transportation**
**Federal Aviation Administration**

## Operations Specifications

| AIRPORTS Location | Provisional | AIRCRAFT AUTHORIZED | | |
|---|---|---|---|---|
| | | A-318 | A-319 | A-320 |
| ROCHESTER INTL MN., UNITED STATES: KRST | N/A | A | A | A |
| ROCKFORD/CHICAGO/ROCKFORD INTL, IL, UNITED STATES: KRFD | N/A | A/R | A/R | A/R |
| ROCK SPRINGS/SWEETWATER COUNTY WY., UNITED STATES: KRKS | N/A | A | A | A |
| ROSWELL INTL AIR CENTER, NM, UNITED STATES: KROW | N/A | A/R | A/R | A/R |
| SACRAMENTO INTERNATIONAL, AIRPORT, CA., UNITED STATES: KSMF | N/A | A/R | A/R | A/R |
| SACRAMENTO MATHER AIRPORT, CA, UNITED STATES: KMHR | N/A | A | A | A |
| SALIDA/HARRIET ALEXANDER FIELD, UNITED STATES: KBLE | N/A | A | A | A |
| SALINA MUNI KS, UNITED STATES: KSLN | N/A | A | A | A |
| SALT LAKE CITY INTL UT, UNITED STATES: KSLC | N/A | A/R | A/R | A/R |
| SAN ANTONIO INTL, TX, UNITED STATES: KSAT | N/A | A/R | A/R | A/R |
| SAN DIEGO/SAN DIEGO INTL-LINDBERGH FIELD, CA, UNITED STATES: KSAN | N/A | A/R | A/R | A/R |
| SAN FRANCISCO INTL CA, UNITED STATES: KSFO | N/A | A/R | A/R | A/R |
| SAN JOSE DEL CABO, MEXICO: MMSD | N/A | A/R | A/R | A/R |
| SAN JOSE INTL, CA, UNITED STATES: KSJC | N/A | A/R | A/R | A/R |
| SAN JOSE/JUAN SANTAMARIA INTL, COSTA RICA: MROC | N/A | A | A | A |
| SAN PEDRO SULA/LA MESA INTL, HONDURAS: MHLM | N/A | - | A | A |
| SAN SALVADOR/EL SALVADOR INTL, EL SALVADOR: MSLP | N/A | A | A | A |
| SANTA ANA/JOHN WAYNE ARPT ORANGE COUNTY, CA, UNITED STATES: KSNA | N/A | R | R | R |
| SANTO DOMINGO/LAS AMERICAS INTL, DOMINICAN REPUBLIC: MDSD | N/A | A | A | A |
| SARASOTA/BRADENTON FL., UNITED STATES: KSRQ | N/A | A | A | A |
| SAVANNAH/HILTON HEAD INTL, GA, UNITED STATES: KSAV | N/A | A | A | A |
| SCOTTSBLUFF/WESTERN NEBRASKA REGIONAL/WILLIAM B. HEILIG FIELD, NE., UNITED STATES: KBFF | N/A | A | A | A |

Case 3:14-cv-02686-JAP-DEA   Document 24-2   Filed 08/18/14   Page 15 of 17 PageID: 181

U.S. Department
of Transportation
Federal Aviation
Administration                    Operations Specifications

| AIRPORTS | | AIRCRAFT AUTHORIZED | | |
|---|---|---|---|---|
| Location | Provisional | A-318 | A-319 | A-320 |
| SEATTLE/BOEING FIELD/KING COUNTY INTL, WA., UNITED STATES; KBFI | N/A | A | A | A |
| SEATTLE/SEATTLE-TACOMA INTL, WA., UNITED STATES; KSEA | N/A | A,R | A,R | A,R |
| SHREVEPORT/REGIONAL,LA., UNITED STATES; KSHV | N/A | A | A | A |
| SIOUX FALLS/JOE FOSS FIELD, SD., UNITED STATES; KFSD | N/A | A | A | A |
| SOUTH BEND/MICHIANA RGNAL, IN., UNITED STATES; KSBN | N/A | A,R | A,R | A,R |
| SPOKANE/INTL, WA., UNITED STATES; KGEG | N/A | A,R | A,R | A,R |
| SPRINGFIELD/ABRAHAM LINCOLN CAPITAL, IL., UNITED STATES; KSPI | N/A | A | A | A |
| SPRINGFIELD/BRANSON NATIONAL, MO., UNITED STATES; KSGF | N/A | A | A | A |
| ST. LOUIS/LAMBERT-ST. LOUIS INTL, MO., UNITED STATES; KSTL | N/A | A,R | A,R | A,R |
| ST. PETERSBURG/CLEARWATER INTL, FL., UNITED STATES; KPIE | N/A | A | A | A |
| STOCKTON/STOCKTON METROPOLITAN, CA., UNITED STATES; KSCK | N/A | A | A | A |
| SYRACUSE/HANCOCK INTL, NY., UNITED STATES; KSYR | N/A | A | A | A |
| TALLAHASSEE-REGIONAL,FL., UNITED STATES; KTLH | N/A | A | A | A |
| TAMPA/INTL, FL., UNITED STATES; KTPA | N/A | A,R | A,R | A,R |
| TERRE HAUTE/INTL-HULMAN FIELD, IN., UNITED STATES; KHUF | N/A | A | A | A |
| TOLEDO/EXPRESS,OH., UNITED STATES; KTOL | N/A | A | A | A |
| TOLUCA/LIC.ADOLFO LOPEZ M., MEXICO; MMTO | N/A | A | A | A |
| TOPEKA/FORBES FIELD,KS., UNITED STATES; KFOE | N/A | A | A | A |
| TOULOUSE/BLAGNAC, FRANCE; LFBO | N/A | A | A | A |
| TRENTON/MERCER, NJ., UNITED STATES; KTTN | N/A | A,R | A,R | A,R |
| TUCSON/INTL, AZ., UNITED STATES; KTUS | N/A | A,R | A,R | A,R |
| TULSA/INTL, OK., UNITED STATES; KTUL | N/A | A | A | A |
| TWIN FALLS/JOSLIN FIELD - MAGIC VALLEY REGIONAL, ID., UNITED STATES; KTWF | N/A | A | A | A |

Frontier Airlines, Inc.                    C070-10                    Certificate No.: FJLA008Y

U.S. Department of Transportation
Federal Aviation Administration

Operations Specifications

### AIRPORTS

| Location | Provisional | AIRCRAFT AUTHORIZED | | |
|---|---|---|---|---|
| | | A-318 | A-319 | A-320 |
| WACO REGIONAL, TX, UNITED STATES: KACT | N/A | A | A | A |
| WASHINGTON/DULLES INTL, DC, UNITED STATES: KIAD | N/A | A | A | A |
| WASHINGTON/NATIONAL, DC, UNITED STATES: KDCA | N/A | R | R | R |
| WEST PALM BEACH/PALM BEACH INTL, FL, UNITED STATES: KPBI | N/A | A | A | A |
| WHITEHORSE, Y.T., CANADA: CYXY | N/A | A | A | A |
| WICHITA FALLS/SHEPPARD AFB/WICHITA FALLS MUNI, TX, UNITED STATES: KSPS | N/A | A | A | A |
| WICHITA/MID-CONTINENT, KS, UNITED STATES: KICT | N/A | A | A | A |
| YAKIMA/AIR TERMINAL/M/C, UNITED STATES: KYKM | N/A | A | A | A |
| YOUNGSTOWN/WARREN REGIONAL, OH, UNITED STATES: KYNG | N/A | A | A | A |
| YUMA/MCAS/YUMA INTL, AZ, UNITED STATES: KNYL | N/A | A | A | A |
| ZIHUATANEJO/IXTAPA/ZIHUATANEJO INTL, MEXICO: MMZH | N/A | A/R | A/R | A/R |

Case 3:14-cv-02686-JAP-DEA   Document 24-2   Filed 08/18/14   Page 17 of 17 PageID: 183

**U.S. Department
of Transportation
Federal Aviation
Administration**

**Operations Specifications**

1. The Certificate Holder applies for the Operations in this paragraph.
2. These Operations Specifications are approved by direction of the Administrator.

Digitally signed by Dale Seisler, Principal Operations Inspector (GL.11)
[1] SUPPORT INFO: Added SSIN and TTN as regular and alternate airports.  Remove
SAT as a regular airport.
[2] EFFECTIVE DATE: 9/25/2012, [3] AMENDMENT #: 113
DATE: 2012.09.25 06:20:20 -05:00

3.1 I hereby accept and receive the Operations Specifications in this paragraph.

Digitally signed by Jimmy W Coburn
[1] SUPPORT INFO: Added SSIN and TTN. Removed SAT as an (R) airport
DATE: 2012.09.25 09:15:09 -05:00

Frontier Airlines, Inc.                          C070.12                          Certificate No.: FJLA00EY

## ORDER WITHDRAWING
### Finding of No Significant Impact/Record of Decision (FONSI/ROD)
### dated February 23, 2006
### for the
### Trenton-Mercer Airport (TTN)
### Terminal Replacement and Other Projects in the Capital Improvement Program

This Order withdraws the Finding of No Significant Impact/Record of Decision (FONSI/ROD) issued by the Federal Aviation Administration (FAA) on February 23, 2006. The FAA issued the FONSI/ROD subsequent to its independent review of the Environmental Assessment and its Appendices ("the EA") for the Trenton-Mercer County Airport (TTN) *Construction of a New Replacement Terminal and Other Projects in the TTN Capital Improvement Program* ("the project"). The EA was issued pursuant to the National Environmental Policy Act of 1969 (NEPA), Council on Environmental Quality (CEQ) Regulations, and other applicable laws, FAA Orders, regulations and policies. The EA assessed the potential environmental impacts associated with the project, which is described in detail below. The FONSI/ROD was issued pursuant to 49 U.S.C. §40101 et.seq. (Part A) and 49 U.S.C. §47101 et.seq. (Part B) and constitutes a final order of the Administrator subject to review by the courts of appeals of the United States, pursuant to 49 U.S.C. §46110.

### Project Description
The ROD allows for the construction of a new 44,000 square foot terminal building accommodating two aircraft gates to replace the existing two-gate terminal; expanded apron area; realignment of existing airport terminal access road; additional automobile parking spaces (proposed northern and southern parking areas); demolition and removal of the existing Tennis Center (for southern parking area); new snow removal equipment and storage building; and taxiway improvement plan (including relocation of Taxiway D, widening Taxiway B and F, extension of Taxiway F to Runway 24, extension of Taxiway J to Taxiway B, and the addition of connectors to Runway 6/24 and the Terminal Ramp, Taxiway E to H connector; and Taxiway G connector.)

### Background
In early 1998, TTN requested FAA funding and Airport Layout Plan (ALP) approval for replacement of its terminal and other capital improvement plan (CIP) projects. In 1999, after considering and discussing this request with the airport sponsor, the FAA determined that an EA should be prepared to evaluate current conditions and analyze the impact of recent past and potential foreseeable future projects at TTN. On April 13, 2000, the airport sponsor submitted the draft EA to the FAA for review and comment.

During the preparation and review of the environmental analyses for this project, the purpose and need for the project changed. At various times during this process, TTN/Mercer County expressed interest in developing increased air carrier service at TTN. In fact, one of the alternatives analyzed during the NEPA process proposed a new, four-gate terminal facility. TTN described the purpose and need for this alternative, in part, as enabling it to accommodate the entry of a low fare/high frequency (LF/HF)[1] air carrier into the TTN

---

[1] A low fare-high frequency (LF/HF) air carrier is an air carrier with operations similar to those of Southwest Airlines. Specifically, Section 1.5.2 of the EA defines a LF/HF air carrier operation as "a commercial air carrier

Exhibit 2

market.  This terminal design alternative encompassed 64,000 square feet of terminal space and four aircraft gates. Thereafter, but still during the NEPA process, TTN advised the FAA that it was no longer interested in pursuing the four-gate alternative. Rather, it was interested in pursuing a two-gate replacement alternative, the project described above.[2] This change in purpose and need required major modifications to the draft EA documentation. The FAA advised TTN that, in the interest of transparency and full compliance with applicable laws and regulations, the four-gate terminal alternative and its analyses should be included in the EA. This alternative is referred to as the "Build Alternative 2".[3]

The final draft Final EA was transmitted to the FAA on December 19, 2001. On March 11, 2002, the FAA provided the airport sponsor with its official comments and acknowledged that the sponsor was no longer interested in pursuing "Build Alternative 2". Therefore, while the final draft EA did include the analysis for the "Build Alternative 2" project *and* the potential impacts of the entry and operation of a LF/HF air carrier, the County's preferred alternative was the 44,000 square foot replacement terminal building accommodating two aircraft gates (also referred to as "Build Alternative 1"). This alternative is a "replacement terminal project" and reflects the fact that the airport sponsor no longer anticipated the entry of a LF/HF air carrier into the TTN market. [4]

The final draft EA was made available to the public via Public Notice on May 9, 2002 for a 60-day comment period including a public hearing held on June 12, 2002.  The preliminary final EA, which included responses to comments, was transmitted to FAA on November 1, 2002. While undergoing FAA review, the County, via Public Notice on February 10, 2003, initiated an additional ten-day public comment period.  On August 29, 2003, FAA received the final appendices to the preliminary final EA that included additional comments and responses.   The FAA once again conducted an independent review of the NEPA documentation submitted for this project. The document still required additional information, modification, and coordination with other agencies.

Finally, in February, 2006, after all required information was obtained and agency coordination was completed, the FAA issued a FONSI/ROD approving the airport sponsor's preferred alternative/"Build Alternative 1". Based on the facts and circumstances at the time, as documented in the administrative record, the FONSI/ROD was accurate, well supported, and warranted. The FONSI/ROD made it clear that if the airport sponsor desired to pursue other projects for any purpose in the future, appropriate environmental review and documentation would be required.

characterized as offering low fares with a high frequency of flights to popular business and leisure destinations....A LF/HF commercial carrier typically starts up a new market like TTN with a minimum of 10 flights per day. LF/HF commercial air carriers also typically exhibit relatively high load factors (percent of seats occupied) from the start due to the low fares and wide selection of destination choices."
[2] Letter from Robert D. Prunetti, Mercer County Executive to Philip Brito, Manager, FAA New York Airports District Office, dated January 24, 2001
[3]  The analyses of Build Alternative 2 revealed that [that] alternative would likely cause [sufficient] noise impacts that would require the preparation of an Environmental Impact Statement (EIS).
[4]  To date, no LF/HF air carrier is operating at TTN and, to the FAA's knowledge, no LF/HF air carrier has recently expressed interest in starting operations at TTN.  Additionally, as of early 2006, several commercial service airlines have commenced and ceased operations, or reduced the number of operations into and out of TTN. These carriers include Shuttle America, Boston-Maine Airways (PanAm), Big Sky, and Comair (Delta).

**Current Status and Changed Circumstances**

In making my decision to withdraw the February 23, 2006 FONSI/ROD, I have considered the changed status of the replacement terminal project and substantial new information that has been brought to my attention.

Specifically, it is the FAA's understanding that to date, the airport sponsor has taken no major steps to implement the project, nor does it have any plans to do so. By letter dated April 25, 2008, FAA requested Mercer County Counsel to provide information with respect to the implementation of the replacement terminal project. FAA specifically asked whether the County had initiated major steps to implement the replacement terminal project or, if no major steps had been taken, whether the County had any plans to begin work on the replacement terminal project prior to February 23, 2009. By letter dated April 29, 2008, Mercer County Counsel advised the FAA that it has no plans for the replacement terminal at this time. Additionally, to FAA's knowledge, no other large commercial air carrier has expressed interest to enter this market. Finally, pursuant to FAA Orders 5050.4B and 1050.1E,[5] an EA remains valid for three years in the absence of major steps to implement a project. Therefore, in approximately nine months (of which, only about five months could be considered "construction season" for the project), and in the absence of major steps to implement the project, the TTN EA would need to be reevaluated, at the very least to ensure that environmental analyses are accurate, valid, adequate, and current.

Based on my consideration of this substantial new information and the changed circumstances concerning the purpose and need for the replacement terminal project discussed above, as well as my consideration of FAA Orders cited above, I am withdrawing the February 23, 2006 FONSI/ROD. Accordingly, all FAA actions approved in the FONSI/ROD are also withdrawn. Should the airport sponsor wish to proceed with any component of the project approved in the now-withdrawn ROD, the sponsor must seek FAA approval for that component.

_Manny Weiss_                                    JUN   9 2008
Manny Weiss                                      Date
FAA Regional Administrator
FAA Eastern Region

This decision is taken pursuant to 49 U.S.C. §40101 et.seq. (Part A) and 49 U.S.C.§47101 et.seq. (Part B), and constitutes a final order of the Administrator which is subject to review by the courts of appeals of the United States in accordance with the provision of 49 U.S.C. §46110.

---

[5] FAA Order 5050.4B, *National Environmental Policy Act (NEPA) Implementing Instructions for Airport Actions*, Paragraph 1401(c)(1) and FAA Order 1050.1E, *Environmental Impacts: Policy and Procedures*, Paragraph 402b.(1)