**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 15-2393

———————

BRRAM, INC., a corporation organized under the laws of the
Commonwealth of Pennsylvania; MS. HOLLY BUSSEY; MR. WILLIAM LYNCH;
MR. RICHARD DELELLO; MS. JULIE POWER; MR. JOHN GIACOBETTI;
MRS. JENNIFER GIACOBETTI; MS. DEBORAH LEAMANN;
MS. CAROLINE BONDI; MS. DELORES BRIENZA; MR. RICHARD WAYNE,
Appellants

v.

UNITED STATES FEDERAL AVIATION ADMINISTRATION (FAA);
MERCER COUNTY BOARD OF CHOSEN FREEHOLDERS;
FRONTIER AIRLINES, INC.

———————

On Appeal from the United States District Court
for the District of New Jersey
(District Case No. 3-14-cv-02686)
District Judge:  Honorable Peter G. Sheridan

———————

Submitted under Third Circuit LAR 34.1(a)
on September 22, 2016

Before:  MCKEE*, HARDIMAN, and RENDELL, <u>Circuit Judges</u>

(Opinion filed: November 9, 2016)

*Judge McKee was Chief Judge at the time this appeal was submitted. Judge McKee
completed his term as Chief Judge on September 30, 2016

---

O P I N I O N*

---

**RENDELL**, <u>Circuit Judge</u>:

In this appeal, BRRAM argues that the District Court erred by ruling that the FAA's September 25, 2012 order (which amended Frontier Airlines' Operation Specifications and authorized Frontier to provide commercial passenger service in and out of Trenton–Mercer Airport) was properly appealable only to the Court of Appeals, and not to the District Court. The District Court's dismissal of BRAMM's complaint is before us, as is the District Court's denial of BRRAM's motion to amend "to clarify that plaintiffs were not contesting the validity of the Ops Specs amendment itself, but the failure and refusal of the FAA to perform any environmental or safety analysis pursuant to NEPA of the effects of Frontier Airlines['] expansion of flights . . . ." Reply Br. at 14.

As the parties are familiar with the facts and the procedural posture to date, we need not recount them. Title 49 U.S.C. § 46110(a) provides in part:

> [A] person disclosing a substantial interest in an order issued by the . . . Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a). Under subsection (c), the jurisdiction of the Courts of Appeals is "exclusive." *Id.* at §46110(c). The District Court reviewed the FAA's September 25,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2012 approval of Frontier's Operation Specifications amendment and its May 28, 2013 reply letter to Mr. Potter, as well as the attributes of final "orders" under the case law, and concluded that "the facts show that a final decision occurred over this longer period of time." JA15.  We will not disturb its conclusion in that regard. It follows, therefore, that the District Court correctly ruled that it lacked jurisdiction over the order based on the jurisdictional provision set forth above.

We note, however, that even if we were to disagree with the District Court's conclusion that there was final FAA action, we would nonetheless be left wondering how the District Court would have jurisdiction over BRAMM's "clarif[ied]" claim, namely that the FAA failed to take action under NEPA. As the FAA noted in its brief, NEPA does not provide a cause of action to review federal agency decisions. *See City of Alexandria v. Helms*, 728 F.2d 643, 646 (4th Cir. 1984) ("[W]hen review of an agency order is at issue and when Congress has vested exclusive jurisdiction over that review in the Courts of Appeals, NEPA does not provide independent grounds for district court jurisdiction." (footnote omitted)). Any District Court review under the Administrative Procedure Act would similarly require final agency action. *See* 5 U.S.C. § 704; *Tinicum Twp., Pa. v. U.S. Dep't of Transp.*, 685 F.3d 288, 294 (3d Cir. 2012). Thus, a claim for inaction asserted by BRAAM would fare no better as a basis for District Court jurisdiction. Therefore, we find that the District Court did not err in refusing to permit BRAMM to amend its complaint.

For the foregoing reasons, we will affirm the District Court.[1]

---

[1] We also decline BRAAM's invitation to convert this appeal into a petition for review because, having been filed eleven months after receiving the FAA's letter, it was untimely.